UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EVA HUNTSINGER, individually
and as the personal representative of the
ESTATE OF THOMAS HUNTSINGER,

        Plaintiff,                        Civil No. 04-787-HA

    v.

                                            ORDER

THE SHAW GROUP, INC., BENEFITS BY
DESIGN, BENEFITS ADMINISTRATOR, and
UNUM PROVIDENT CORP.,

        Defendants.

HAGGERTY, Chief Judge:

        Defendant Unum Provident Corp. (Unum) moves the court for an award of attorney fees in the amount of $124,702.00, or, alternatively, a portion of that amount, pursuant to 29 U.S.C. § 1332(g)(1), Federal Rule of Civil Procedure 54(d)(2), and Local Rule 54.4. For the following reasons, Unum's Motion for Attorney Fees [144] is denied.

        The factual history of this case has been recited thoroughly in the court's previous Orders. Accordingly, the court will reference only the facts pertaining to the pending motion.

1 - OPINION AND ORDER

Plaintiff is the surviving spouse of Thomas Huntsinger (Huntsinger), a deceased former employee of the now-bankrupt IT Group, Inc. (IT Group). Plaintiff filed an action pursuant to 29 U.S.C. § 1132(e)(1) seeking recovery of benefits under the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.* (ERISA). Plaintiff alleged that: all defendants breached fiduciary duties under 29 U.S.C. § 1109; Unum improperly denied benefits under 29 U.S.C. § 1132; all defendants wrongfully interfered with plaintiff's receipt of benefits under 29 U.S.C. § 1140; and, consequently, all defendants were liable for penalties.

On January 23, 2006, this court granted the motions for summary judgment filed by Unum and defendant The Shaw Group, the purchaser of the IT Group's assets in bankruptcy. Plaintiff's claims were dismissed in their entirety.

On February 6, 2006, Unum filed the pending Motion for Attorney Fees, arguing that the court should exercise its discretion granted under 29 U.S.C. § 1132(g)(1) to allow reasonable attorney fees and costs. The factors considered in determining whether an award of attorney fees is warranted under ERISA are

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.

*Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980) (citations omitted). All of these factors may not be pertinent in a given case, and no single factor is necessarily decisive. *Tingley v. Pixley-Richards West, Inc.,* 958 F.2d 908, 909 (9th Cir. 1992) (quoting *Carpenters S. Cal. Admin. Corp. v. Russell*, 726 F.2d 1410, 1416 (9th Cir. 1984)).

Fee awards are not limited to participants and beneficiaries; both plaintiffs and defendants have received total and partial awards. *Honolulu Joint Apprenticeship and Training Comm. of United Assoc. v. Foster*, 332 F.3d 1234, 1239 (9th Cir. 2003). However, courts have recognized considerations that often "suggest that attorney's fees should not be charged against ERISA plaintiffs." *Carpenters,* 726 F.2d at 1416 (citing *Marquardt v. N. Am. Car Corp.*, 652 F.2d 715, 720-21 (7th Cir. 1981)). A losing employer "has necessarily violated ERISA," whereas a losing trustee "may only be in error and unable to prove his [or her] case." *Id.*

The *Hummell* factors are reviewed below.

### 1. Bad Faith

Unum asserts that plaintiff was dishonest in denying that her claim was barred by the suicide exclusion clause in this proceeding, while also arguing her husband committed suicide in another court proceeding. Plaintiff argued in this case that although her husband died of a self-inflicted gunshot wound, he did not commit suicide as the term is defined in Unum's life insurance policy. In the Order on the motions for summary judgment, this court held that the term suicide in Unum's policy had the ordinary and customary meaning, and that plaintiff's husband had committed suicide. The fact that plaintiff admitted in another court proceeding that her husband had committed suicide in the ordinary and customary meaning of the word fails to compel the conclusion that plaintiff's argument was made in bad faith.

### 2. Ability to Pay

Unum argues the fact that plaintiff received $200,000 in life insurance benefits and has litigated several claims demonstrates she has the means to pay all or a portion of Unum's attorney fees. Plaintiff disputes this, asserting that: in 2005 her income was approximately

3 - OPINION AND ORDER

$140; she paid over $200,000 to cover the losses from her husband's failed business; she is a first-year law student owing $8,500 in student loans; and she must continue to borrow money to pay her living and school expenses for the next two years. Accordingly, this factor weighs against Unum's claim.

### 3. Deterrence

Unum alleges that plaintiff was disingenuous in disputing whether her husband committed suicide, and that an award of fees would deter such dishonest behavior. As discussed above, although plaintiff's argument that her husband's conduct was not suicide as defined in Unum's policy was unavailing, it does not mean the plaintiff was dishonest. Moreover, this factor, as well as the fourth factor, are "more appropriate to a determination of whether to award fees to a plaintiff than a defendant" because the "policy reasons [] speak more appropriately to institutional litigants in the ERISA arena." *Tingey*, 958 F.2d at 910 (quotation omitted).

### 4. Benefit to all Participants

This factor reviews whether the party seeking fees sought to benefit all ERISA participants. As noted above, this factor does not apply to a defendant seeking an award from a plaintiff. *Id.*

### 5. Relative Merits of the Parties' Positions

Although the court accepted Unum's argument that plaintiff's claim would have been barred by the suicide exclusion in Unum's policy, this factor alone is insufficient to warrant awarding Unum fees.

//

//

4 - OPINION AND ORDER

After evaluating all of the relevant factors, and keeping the considerations expressed in *Marquardt* in mind, the court concludes an award of attorney fees to defendant Unum is inappropriate.

**CONCLUSION**

For the foregoing reasons, Unum's Motion for Attorney Fees [144] is denied.

IT IS SO ORDERED.

DATED this   7   day of March, 2006.

__/s/Ancer L.Haggerty_____
ANCER L. HAGGERTY
United States District Judge